Good morning, Your Honor. Richard Bassetti for the appellants. I would like to utilize ten minutes of my time at this point and reserve ten minutes of which I would allow Labor Rates Council four minutes, if necessary. As you are well aware, the case before us is whether or not the federal courts should abstain from exercising jurisdiction over an FLSA claim. There are three points I would like to make and then expand upon them. First of all, that this Court reviews the matter de novo because the federal court's obligation is to adjudicate claims within their jurisdiction, is virtually unfledging, and abstention is permissible in only a few carefully defined situations with set requirements. This is what is stated in U.S. v. Moros. When this Court reviews the matter, it looks whether the facts of the instant case conform to these requirements. And if they do, then it looks to see whether or not the court below abused its discretion. The second point is that it is Ms. Huntley's obligation to produce evidence in this case. Let me ask you right off the bat. You mentioned Ms. Huntley's name, and we were recently informed that Ms. Huntley unfortunately passed away. Does that affect – what effect does that have on the status of this appeal, Annie, at all, or on your claim on Ms. Owens? Well, I will address it only to the point that there is no plaintiff Huntley at this point in time, obviously. Okay. Ms. – I'm sorry. I've submitted a letter indicating that she intends to ask the Court for permission under the rules of court to – Federal rules to substitute in a party. There is no – I do not want to make a big issue of it. There is no party present at this point in time. However, I think that this Court can rule on the issue. At least on your – on Owens' claim. Yes. Yes, Your Honor. Okay. And as such, Huntley, as the proponent, has the burden of establishing the need for a stay in this case. As stated by Justice Cardozo in Landis v. North America, the proponent of the stay has the burden of establishing the need. And the third point I would like to make is that, as stated in Gilbertson, this Court is not retreating from green – the principle set forth in green with the general observation that although there are limited circumstances in which abstention by Federal courts is appropriate, those circumstances are carefully defined and remain the exception and not the rule. Now, applying those three points in this particular case, I think the most important thing is looking at the facts and reviewing them de novo. And to that extent, it is our – it is Owens' position that the facts indicate that these are not competing cases. The case that's pending in the California Superior Court is not competing with this case before the United States Supreme Court in Washington. In the court in Washington, we are only seeking redress by way of violations of Federal statutes. There is – there has never been a claim in the Romer-Huntley case in California of a violation of a Federal statute. In fact, the only violations that are alleged are violations of California law and violations of various other State laws. The Owen case specifically excludes California from its class. We are just seeking redress for the plaintiffs in 49 other States. I'd like to look at the timeline of this case and see what has happened in this case. Romer was filed on February 1, 2003, in the Los Angeles Superior Court. Owen filed her complaint in the Federal court on October 21, 2003. On December 24, 2003, Huntley served its motion to consolidate and stay. We made an issue of this, Your Honor, only to the extent that that motion was served when she was not – she had no pending action before the courts in Washington. On December 30th, they filed their complaint and made a motion to consolidate and stay. That was when it was filed, although it was served earlier than that. Then on January 6, 2004, Huntley files a complaint and intervention in the Romer action in California, which is rather interesting because it's the same attorneys that are representing the plaintiffs, and one must query why the same plaintiffs would use the vehicle of a complaint and intervention, which would seem to indicate that there are actually different claims that they are presenting. Was that motion ever granted in the Superior Court of Los Angeles, the motion to intervene by Huntley? She has intervened. There was an intervention. I'll discuss that further, actually. So the Superior Court granted that motion, allowed her to intervene. Yes. She intervened and, more recently, made a motion to amend that complaint and intervention. And on March 14, 2005, Huntley filed a first amended complaint and intervention. Most interestingly, there are still no allegations of a most recent complaint and intervention. I understand this is going beyond the record, but it just sets this up. There are still no allegations of violations of Federal law. And even though the claims below were that the action in California was moving forward and on its way to certification, as Ms. Holmes' letter points out, that hearing is now set for September 19, 2005, and will probably be continued again in light of the unfortunate death of Ms. Huntley. Let me back up a second. Yes, Your Honor. Are you contesting the, on appeal here, the order to consolidate? No. Well, only on the procedural aspect that it was served on us before they actually filed it, Your Honor. But assuming you get over that, it's a pretty liberal standard, and there is similarity here. So you would concede, if we get to that point, that you've got a tough hill to climb? On the consolidation issue? Yes, Your Honor. I'm not spending my time on that issue. All right. So now we're talking about abstention, right? Yes, Your Honor. That's the issue. All right. And you're addressing first, I gather, the Colorado River extension? Colorado River, yes, Your Honor. Why doesn't that apply? Because under Colorado, Your Honor, and the factors that are set forth under Murphy, it's still the same is true for Younger. You have to have a claim pending in State court which is addressing the same issues that are pending in the Federal court. We do not have that in this case. We have two separate issues. The California action never has, and still to this day, does not address violation of the Federal Labor Standards Act. And so that is why the first prong of the ---- Let me see. If a California employee establishes a violation of the California Wage and Hour Laws, does that automatically constitute a violation? Does that necessarily transfer into a violation of a Federal law? The violations are quite similar, yes, Your Honor. Yes. But we are not asking ---- But the remedies aren't, are they? The remedies are different, Your Honor, and that is one of the reasons why we have excluded California, because the California plaintiff has a four-year reachback statute to bring the two to seek compensation. And under the Federal statute, it's a three-year reachback. So we ---- that is why California, we're leaving out, and we are seeking redress for those other plaintiffs in various other States, Your Honor, under the Federal remedy. Can you get under the Federal law, can you obtain monetary relief? Yes. That's different than what's available under California law? Different to the extent that it reaches back a different amount of time. So the period of compensation is different. I see. Do you think if this would have all happened after the class action fairness had been passed, that this ----  Oh. If this had happened after the class action fairness came into effect, would we be in a different place? I have tried to research that a little bit, and I haven't come to a conclusion. I think that it might ---- we might be in Federal court and not have State issues at this point in time. The other point I would like to make is that the passing of time has been detrimental not only to the plaintiff's class, but as to Ms. Holmes' representative as well. She has passed away. And I believe that in this particular case, the equities are such that this Court should not refrain from exercising jurisdiction. This is not a case for abstention. They have not met the test of showing the similarity of the actions or meeting that burden of the prong of showing that these actions are so interrelated that any ruling in the Federal court would necessarily affect any ruling in the State court. Keep in mind the State court has never, to this day, decided that it will exercise jurisdiction over a nationwide class. That motion that was ---- has been pending for 18 months is now pending even longer. And so the passage of time is actually making it difficult for plaintiffs to pursue a claim. Some will pass away. Some will not be able to be located. And it is a detriment to the plaintiffs not to be allowed to pursue in the Federal court this action. Why isn't there younger abstention? There's not younger abstention for the very same reason, Your Honor, that one prong of the test cannot be met, namely that the State proceeding provides an adequate ---- provides plaintiffs with an adequate opportunity to raise their Federal claims. Romer has not alleged any Federal violations in this particular case. Again, it has only alleged State violations. And even to that extent, the California Supreme ---- the California court has not ruled on whether or not it was going to assume jurisdiction over the claims of residents outside the State of California and apply the law of States other than California. That has been pending for a year and a half. I gather Owen could have gone to Los ---- to the Superior Court in Los Angeles and filed a ---- filed a Federal ---- filed her claim and just filed a Federal claim. We did, Your Honor. And tried to ---- well, in the Superior ---- you did in the Federal court, but could you do it in the Superior court? Well, the history of that was actually ---- that case was filed in the Superior court, removed to Federal court. Oh. Okay. And then from Federal court, it was dismissed in Los Angeles up here. I see. You actually tried to do that. Yes. Because they told you you couldn't be in L.A., right? Yes. That's right. So you're sort of a plaintiff without a forum. That's it. That's this Court's exercise of jurisdiction. Okay. Thank you, Your Honor. Let's see. We're going to hear from Labor. Ready? Labor was ---- you're going to share your time with us? Yes, I'm sharing my time. But after ---- that time will go after. Okay. All right. All right. I just note that Labor Ready did not file a brief in these proceedings. And I'm going to be a little bit blindsided by having them follow up after my presentation. I think there's ---- They don't have a brief and you don't have a client. We do have a client. We have a client. We will be substituting a representative for Ms. Huntley. We learned of her death in March. And as soon as we file the ---- as soon as we get a representative, we will file the appropriate motion. There's one problem with Appellant's argument, and that is they're viewing these two cases in a very narrow manner. The same substantive issue is before the district court and before the state court. And that's whether Labor Ready misclassified its employees as exempt from overtime. The district court will make that decision just as well as the state court. Different laws apply. Different laws apply. It's different remedies. They're not the same. That goes to the remedy. They're not the same. That is correct, Your Honor. The FLSA has a shorter statute of limitations period. The California state court act ---- the California state has a longer limitations period. The district ---- the state court action, the state court has currently asked for briefing on the laws of 49 states and will or will not make a recommendation. So is there any ---- you know, I find that interesting that you're asking a California superior court to certify a nationwide class action, asserting ---- asking the superior court to assert jurisdiction over claims based on, say, for example, let's just pick a state, Kentucky, and to ask the California superior court to determine that Labor Ready violated the laws of Kentucky. Is that reasonably likely that a California superior court judge would certify that kind of nationwide class action? It's our position that Labor Ready operations are similar throughout the nation. But are the laws similar throughout the nation? The state court is looking at that issue right now. Is there any case in California court, in the California court of appeals or the California superior court judge would certify that kind of class action? Well, certainly the Washington Mutual case does not preclude a state court from enforcing a nationwide class action. The Washington Mutual case just instructs the state court that they certainly could certify a nationwide class if it's manageable and if it's efficient. The bodies of law we're talking about are overtime ---- wage and overtime laws. We have the FLSA, which is the floor. But you're not ---- you haven't raised an FSLA claim. Correct? No. But for purposes of comparison, the body of law that we're dealing with is the FLSA on the one hand and state wage and hour laws on the other hand. The FLSA we know, based on congressional intent, is the floor. Wage and hour laws cannot go below that. Let me ask you this. Why didn't you raise an FSLA claim in the superior court? Your Honor, I'm not trial counsel, but I ---- Well, I mean, have you thought about it? I believe my colleagues decided not to, that their position was that a majority of the class, at least about a sixth of the class, are California employees, and they felt that they could manage this better in state court. Well, the other possibility is that if you did raise it, it would be removed like the other one was, and you'd be back in Washington. Interestingly enough, labor ---- the original two class action representatives did have a forum selection clause in their employment contract, and Labor Ready did not enforce that as to our clients. Well, I guess when you mention the forum selection clause, my reading of the record said that the United States District Court for the Central District of California said that Owen is bound by the forum selection clause in the agreement. So how do we know that her claims can be adequately litigated in your action? Well, Owen is certainly a member of one of the putative classes in the California state court action. Whether or not she can be a personal representative or a class representative, the answer is no. But that does not mean that she will not be denied relief in the state court action. But she would only ---- that would only work if she ---- if the superior court certified a nationwide class or subclasses that contained where she was a member of that subclass from her state. That's correct. She's from Tennessee. Right. I said Kentucky. I actually was thinking of Tennessee. Yes. So that is correct. And the district court action is not dismissed. So she's supposed to wait on her Federal claims until we see what the superior court does with this motion for a nationwide class action. Well, there's a very good reason. You would agree, wouldn't you, if the superior court did not certify a subclass consisting of labor-ready employees from Tennessee, that, you know, she would be left without a forum. I mean, she could then go forward. Don't you agree? She wouldn't be left without a forum. She would have the district court forum. Well, her case ---- you would then agree at that point her case could go. So she's supposed to wait.  And to wait to see if the superior court will certify that class. And there's a very good reason for her to wait. Why? Because the state court action is the much bigger, broader class. This raises the whole issue of issue preclusion and claim preclusion. But you have to be successful for her to be in that class, right? That's true. And if you're not successful, then she's not in the class and then she's not represented. That's true. But if the state court action proceeds because of the differences in the FLSA and the state court class action procedures, is the FLSA is an opt-in class, which means you have to choose to be a member of that class, as you well know. Well, let's do the flip side of that. Okay. I know why she's hurt if she's not in your class. Right. Why are you hurt if the district court goes ahead? Because the district court may reach a conflicting decision with the state court. And the class definitions are the same. In the district court action, we have salaried exempt employees that were denied overtime. The same classified employees. Or what you're saying is that it kind of interferes with your forum selection. No, not interferes with the forum selection. It implicates younger because it interferes with the state court's ability to enforce state law. If the district court reaches an adverse decision, let's say, with respect to the class of branch managers, that has preclusive effect over the much broader class in the state court action. So the state court cannot enforce its wage and hour laws with respect to the members of this opt-in class in the district court. So in other words, if you use a math analogy, the state court action is the set and the consolidated district court action is the subset. And there's a possibility that a decision in the subset, the smaller group, will affect the much larger group and preclude issues in that action. Clarify for me why the California action includes a larger group. California has a civil procedure section 382 is a much broader class action procedure. Well, it's only broader once you get the class certified. That's correct. That is correct, Your Honor. It's a much broader group. So it's all the possible classes. And we've defined, the counsel mentioned the complaint and intervention. There are now eight different classes. They include all salaried employees in various categories that were exempt from overtime, and they include hourly employees nationwide. So now it's set up, the state court action is set up as a nationwide class. The district court action is brought under the FLSA. And the FLSA in section 216B has a provision that any class member that opts in must do so in writing and be named as a class plaintiff. The FLSA affirmatively asks you to choose to be a part of a class action. But it just gives the lawyers the potential for a much larger class and a much, much larger settlement. That's all it does, really. Attorney's fees are always an issue in class action. Well, I mean, this is kind of the whole, this whole scenario, quite interesting because you have Owen up in the district court in Washington litigating, attempting to litigate an FSLA claim. And all of a sudden, out of the blue comes Huntley. Well, the reason he filed an action, seeks to have it consolidated and seeks to have it stay. Your Honor, when we learned of the Owen complaint, we also understood that it included a nationwide class of branch managers, the same class that was proceeding in the state court action. And we believed that there was a possibility that the district court action's rulings might affect the state court. I thought you were telling me that it wasn't the same class. It's not the same set of class. The population in the state court is much greater. The population in the district court is much smaller. Is that only because you think some people wouldn't opt in? That's correct, Your Honor. Well, we don't know that, do we? We don't. We don't. But we can assume, for purposes of argument, that it may be less inclusive. We know for sure that the state court action, provided it gets certified, will be a much larger group. Now that the Class Action Fairness Act has been passed, if that were in effect, would you be making a different argument right now? Your Honor, I haven't looked into that. And I'm assuming that I probably would be. Okay. Thank you. I just have to express this. It looks to me like a pretty slick action. When Hundley files a motion to consolidate, first files a claim, then a motion to consolidate, the same day moves to stay, it looks like to me that it's a matter to put the control of the class action in the hands of different attorneys in California. Why isn't that the case? Well, those arguments, I mean, I understand your point, Your Honor, but the state court action was procedurally and had been filed first. And there was a possibility that there would be conflicting decisions among the district court and the state court. And we felt it was in our client's best interest to at least be a part of the district court action and then stay it so that one judge could resolve it. So really the only reason you filed in this claim in Washington was in order to consolidate and obtain a stay, not to litigate there. Well, I don't think motive is an element of the motion. Well, it is to me. I think we could second guess the trial court's motivations. I don't think motivation. The motivation was before Judge Burgess when he made the ruling to consolidate these actions. And in his view, he had this before him, and he concluded that it would have been appropriate for these cases to be heard at least together and that there were good reasons to stay it in favor of the state court action. And with respect to Younger, I mean, I think it's very clear that if the consolidated district court action proceeds first to a conclusion, let's say unfavorably to the branch managers who are also a member of the state court class. I could sure see why there would be a consolidation for two cases filed in Washington to litigate under the Fair Labor Standards Act. I have difficulty in seeing why it's a legitimate claim being filed in a Washington state only to obtain a stay so that it can go back to California to have it litigated. Your Honor, I think that the reason that the stay was appropriate is because there's a possibility that there will be conflicting decisions if these two forums address a wage and hour claim that involves the same defendant and the same substantive legal issue, which is whether or not Labor Ready misclassified its employees. Either if you look through the prism of Younger abstention or you look through the prism of Colorado River doctrine, you come up with the same possibility of issue preclusion. The fact of the matter is, is that both courts will be deciding the same issue. One for a much larger population. Maybe a larger population. We don't really know that, do we? No. We don't know even if it's going to be certified in California. No, we don't. We also don't know if it will be certified in the district court action. There may not be numerosity. There may not be enough opt-in plaintiffs in the district court action. Why don't we wait for that? There's a good reason to wait. And, again, it's because there will be conflicting decisions. Well, you don't know that at all. Well, I can't. You don't know that at all. I can posture. That's just pure speculation. It's pure speculation. I do know one thing, that the class, that the consolidated district court action will be a much smaller class. No. With the other. So what? I mean, so it's a smaller class. Okay. People have federal rights. They have a right to litigate them, and they have a right to go forward. If the district court. As it stands now, as a result of what happened here, these potential federal plaintiffs, their federal claims that by a law passed by Congress have been waiting to have their claims heard in court. While we wait to see what happens with a class certification in superior court that is an extremely broad class, to be quite honest with you, if the superior court judge in Los Angeles certified the kind of class that you're talking about, I would be extremely surprised. But who knows? California, you know, that's why you're. Obviously, that's why you're there, because you think a California superior court judge will certify that kind of class. Well, the judge asked for briefing on the 49 states recently, so he's at least considering it. Well, it's sort of looking like who's going to control this litigation. And you've got one set of lawyers in one place, and you've got another set in another place. And, you know, obviously if I were in your position, I would rather control my own litigation as well. And if they do decide some issues that may somehow affect my litigation, I'd rather have the chance to, you know, I have enough confidence in myself, I'd rather take that shot than let someone else take it. But is that, if that's all that's really going on here, that seems like it's a problem. I think control of litigation is now what's going on here. I think that the issue is do you have dual forums deciding the same issue involving the same class, similar issues, same class, same defendant. And you will have both courts, at a minimum, you will have both courts deciding whether, for example, labor-ready misclassified as branch managers as exempt from overtime. The consolidated district court action, if the district court in Washington says no, that they are exempt from overtime, that will be, you will have that, you will have to deal with that and issue a preclusion in some way, shape, or form when you go back to the state court action and the branch managers, whether they be California branch managers or Tennessee branch managers, that issue will result in piecemeal litigation in the state court action because we will not know how to apply the district court's ruling. Let me ask you this. Let's assume that in the Washington case that labor-ready prevails on that statement you just made. Okay. Okay. And so, but meanwhile, there's a case in the Superior Court in L.A. Can labor-ready take that decision and that factual ruling, go to California and say, ah, can't litigate that now. You're, you're, you plaintiffs who were not part of the, of the case in Washington are bound by that decision. No. Labor-ready can't do that. No. They can't do that because it's a much smaller class. So what's the complaint? So why, why, why is there potential for preclusion there then? Well, because the, the, if the state court action is certified in California, it will include, it will include California, if an opt-in plaintiff were in the district court action, for example, a California opt-in plaintiff, then that would have, the state court would be in a position of denying relief to that opt-in plaintiff and then the same branch manager granting relief or maybe reaching a contrary result. We're talking about the overlaps of the classes when one opts in and one opts out. There are different claims. One's federal, one's under federal FSLA and one's under. No, you just got through, wait, you just got through telling me that, that labor-ready couldn't assert, only could, she could only, labor-ready could only assert it against Ms., Ms., Ms. Oh, that's what you're telling me. Is that right? In Los Angeles. I'm saying that labor-ready could only assert it as a defense to those class members where that issue had been litigated. And, and those class members would be opt-in class members. Remember that the state court action is the broader population. So those members that are, that are involved in both actions and by a very nature, the state court action, assuming it was certified, would be a much broader class. So there's a possibility you will have people that are participating in both actions. And that's where the conflicting rulings come in. The potential. The potential. But everybody, so that for anybody who was not part of that opt-in class, labor-ready couldn't assert that, at least in your, from your perspective, couldn't assert it. And, and, and as we know, we can never predict what effect a prior ruling will have. But we can, we can certainly make some kind of predictions based on the class. Well, on the legal, on the legal rulings, is a superior court bound by what the Washington District Court said? Well, it depends. I mean, the Full Faith and Credit Act, I mean, actually, that's the other way. But I would think that that would be, I would think that this. My question was, are they bound? Are they bound? It depends on if they were, it depends on whether or not the state. No, my question was, is a superior court judge in Los Angeles bound by a legal ruling of the district court in Washington? It depends on the legal ruling. If it's. There's an argument that can be made. There's an argument that can be made. You'll be in court on that. And, and I just want to clear up, the FLSA, whether we're looking at the remedies under the FLSA or whether we're looking at the remedies under state law, the issues are the same in this case. It's whether or not labor-ready misclassified its employees. The exempt or non-exempt issues are decided under California law and federal law in the same manner. In fact, the wage and hour laws in California have incorporated the federal regulations for exempt and non-exempt. Why are we concerned about the difference between opt-in and just the representation of people in a class that don't particularly want to be included? Why isn't it more important to include those in the class who want to take the time to opt-in as opposed to those who don't care? Philosophically, I think that that's, I mean, that's why the FLSA has the write-in provision. I think that Congress, when they passed the FLSA, intended for class members to affirmatively opt-in. We don't have that rule in state court in California. State court is much more flexible. Yeah, but why should we worry about that difference? It seems like if you're interested enough to be in court, that you ought to be able to opt-in. That's true, but there are a lot of reasons that people don't opt-in. And California's rules are an opt-out, a more favorable. Yeah, but more favorable to whom? That's debatable. All right. Thank you, Your Honor. Given the Court's responses, I hesitate to say much more. You're, I'm sorry, but you're? My name is Ann Huarte. I'm on behalf of Appellant, along with Richard Bassetti from Magana Cathcart and McCarthy, representing Debbie Owen. Okay. You don't really have to. I would submit, then, and I don't want to. Let me ask you this. Maybe I shouldn't ask this question, but I don't want to. Do you agree with counsel's representation that there is the possibility of issue preclusion? I was, you know, trying my, exercise my mind as far as it could go, and what could happen potentially in the future. And the problems we have with issue preclusion are there's not the exact identity of issues because the laws are different, and there's not the exact identity of parties because we're excluding the California plaintiffs, and that class, I believe, is truly the only class that California, the State of California, has an interest in adjudicating. All right. Well, then, from just, from the down-in-the-trenches perspective on this, what is Appellee afraid of if you go ahead? I mean, is this about who gets more money? Is this about who gets the opportunity to litigate the issues first and control the classes? I mean, what's this about? Where Debbie Owen and others similarly situated have been kicked out of California federal court and California state court and are waiting to be heard, and others, whoever wants to opt-in can opt-in in all these various states. It seems that opposing, the issues are just whether, what attorneys will have the largest class. Well, and if they get the class certified that they're hoping to get certified, then you're going to lose your clients? Is that what's going to happen? Is that what everyone's, you know? Well, stepping back from just attorneys fighting over the size of the- We're talking about abstention, and I get the understanding that there's a whole other battle going on. Right, right. Under, you know. You know, I think that if we look at it from the lowest point, you could say these are attorneys fighting over a largest class. And I don't particularly like that part of this case. But if we look at the doctrines that the trial court relied upon when it made its ruling, the main policy goals behind Younger and Colorado River are comedy of the states, and whether or not, and that a federal court should allow a state court to address a constitutional issue. Of course, there's not a constitutional issue here. There's potentially comedy, which would mean what could the federal court do that would ruin the state court's ability to make decisions? And I think the state court here, its only true state interest is in applying its labor laws to its California employees. And all the other employees in the other states and labor-ready offices in other states should be allowed to bring their federal action in the federal court and to have it adjudicated promptly. And I think it would be more uniform. It would be all the same law, the FLSA. And it would be a more efficient resolution of things. Nothing further from us. Thank you. Submit. Submitted. Thank you, counsel. That will be submitted. And the court's going to take a short recess. All rise. This court stands in recess. Thank you.
judges: Hug, Paez, Callahan